**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| LORETTA JEAN ALFORD, <br> Appellant, | DOCKET NUMBER <br> DC-0752-14-0892-I-1 |
| v. | |
| COMMITTEE FOR PURCHASE <br> FROM PEOPLE WHO ARE BLIND <br> OR SEVERELY DISABLED, <br> Agency. | DATE: August 19, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Bradley R. Marshall, Charleston, South Carolina, for the appellant.

Floyd Allen Phaup, II, Esquire, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed her removal for absence without leave, failure to follow supervisory instructions, and unauthorized use of Government property.  For the reasons set

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown.  5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

¶2	On July 16, 2014, the appellant filed an appeal challenging her removal and raising affirmative defenses of reprisal for whistleblowing disclosures and equal employment opportunity activity, disability discrimination, and harmful procedural error.  Initial Appeal File (IAF), Tab 1.  On November 13, 2014, the administrative judge issued a decision affirming the agency's action and denying the appellant's affirmative defenses.  IAF, Tab 23, Initial Decision.  On December 1, 2014, the appellant moved for an extension of time to file a petition for review of the initial decision, and the extension request was granted.  Petition for Review (PFR) File, Tab 1 at 5-6, Tab 2 at 1.  When granting the request, the Board directed the appellant to file a petition for review on or before January 20, 2015.  PFR File, Tab 2 at 1.  Over a year later, on March 16, 2016, the appellant filed an untimely petition with the Board's Washington Regional Office, which then forwarded the pleading to the full Board in Washington, D.C., and the Clerk of the Board instructed her to file a motion to accept the filing as timely or to waive the time limit for good cause.  PFR File, Tab 4, Tab 6 at 2.  The appellant filed a motion on April 8, 2016, in which she addressed the merits of her removal, but not the timeliness issue.[2]  PFR File, Tab 7 at 1.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶3	The Board's regulations provide that any petition for review must be filed within 35 days after the date of issuance of the initial decision or, if the petitioner

---

[2] On July 8, 2016, several months after filing her petition for review, the appellant filed an additional pleading.  PFR File, Tab 8.  Although the appellant failed to first request leave from the Clerk of the Board as required by 5 C.F.R. § 1201.114(a)(5) prior to filing her additional pleading, we nonetheless have reviewed the pleading and find it not material to the outcome of the appeal.

shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date the petitioner received the initial decision. 5 C.F.R. § 1201.114(e). The Board may waive the time limit upon a showing of good cause for the delay in filing. 5 C.F.R. §§ 1201.113(d), 1201.114(f). To establish good cause for the untimely filing of a petition for review, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Marcantel v. Department of Energy*, 121 M.S.P.R. 330, ¶ 10 (2014); *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to her inability to timely file her appeal. *Marcantel*, 121 M.S.P.R. 330, ¶ 10.

¶4        The appellant filed a petition for review approximately 1 year and 2 months later than the deadline mandated by the Board. She did not dispute that her petition was untimely. Upon receiving the untimely petition, the Board advised the appellant that she would have to show good cause for waiving the filing deadline. PFR File, Tab 6 at 1-2. In her motion to waive the deadline, the appellant did not provide any explanation for her untimely petition. PFR File, Tab 7 at 1, 3. She did not allege any illness or other incapacity that somehow prevented her from filing on time. *Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998). The appellant had representation to assist her in the appeals process and has not demonstrated any circumstances beyond her control that prevented her from filing a petition for review within the time allotted by the Board. PFR File, Tab 3 at 2. Since the appellant has not demonstrated good cause, her petition must be dismissed as untimely. *Deville v. Government Printing Office*, 93 M.S.P.R. 187, ¶¶ 13-14 (2002).

¶5    Accordingly, we dismiss the petition for review as untimely filed.  This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review.  The initial decision remains the final decision of the Board regarding the removal appeal.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS[3]

You have the right to request further review of this final decision.  There are several options for further review set forth in the paragraphs below.  You may choose only one of these options, and once you elect to pursue one of the avenues of review set forth below, you may be precluded from pursuing any other avenue of review.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* title 5 of the U.S. Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

---

[3] The administrative judge did not afford the appellant notice of her appeal rights under the Whistleblower Protection Enhancement Act of 2012 or notice of her mixed-case right to appeal her discrimination claims to the Equal Employment Opportunity Commission and/or the appropriate U.S. district court.  This was error, but it does not constitute reversible error because we notify the appellant of her proper rights in this Final Order. *See Grimes v. U.S. Postal Service*, 39 M.S.P.R. 183, 186–87 (1988).

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Other Claims:  Judicial Review

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices described in 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you

may request the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction to review this final decision. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for your appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.